UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GLADYS WILSON, ) | |
| ) | CASE NO.1:16-CV-02186 |
| Plaintiff, ) | |
| ) | JUDGE DONALD C. NUGENT |
| ) | |
| vs. ) | MEMORANDUM OPINION |
| ) | |
| THE CITY OF SHAKER HEIGHTS, ) | |
| et al, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a Motion to Dismiss Plaintiff's Complaint (ECF #1) for failure to state a claim upon which relief can be granted filed by Defendant City of Shaker Heights ("City"). (ECF #12). In a separate Motion to Dismiss, Defendant Randolph Keller, Shaker Heights Prosecutor, ("Keller") moves to dismiss claims against the parties for failure to state a claim upon which relief can be granted. (ECF #13). Plaintiff, Gladys Wilson, opposes both Motions to Dismiss by Memorandum in Opposition. (ECF #16). The Defendants jointly replied with a brief in support of their Motions to Dismiss. (ECF #18). Defendant Officer Dunn has not moved for dismissal. For the reasons set forth herein, Defendants' Motions to Dismiss (ECF #12, ECF #13) are GRANTED.

## STANDARD OF REVIEW

In evaluating a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court

will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000); *see also City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp 971, 975 (S.D.Ohio 1993).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see also Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974. Conclusory allegations, or legal conclusions asserted in lieu of factual allegations are not sufficient. *Bishop v. Lucent Tech, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

## FACTUAL AND PROCEDURAL HISTORY[1]

In December of 2014, Plaintiff's neighbors complained to the police about handwritten signs Plaintiff had placed in her windows. (Complaint ¶ 11). On March 31, 2015, Officer Dunn

---

[1] In accordance with the applicable standards on a motion to dismiss, the facts set forth in the Complaint have been taken as true for purposes of this opinion.

2

executed an "Affidavit to Establish Probable Cause for the Issuance of Arrest Warrant" against the Plaintiff, seeking to charge her with Disorderly Conduct. (Complaint ¶ 13). Defendant Keller, in his role as Prosecutor for Shaker Heights, executed a "Complaint by Prosecuting Attorney upon Affidavit" against Plaintiff, charging her with Disorderly Conduct. (Complaint ¶ 14). On August 18, 2016,[2] Defendant Keller dismissed the charges against Plaintiff. (Complaint ¶ 20).

Plaintiff filed suit on August 31, 2016, against the City of Shaker Heights, Officer Martin Dunn, and Prosecutor Keller alleging 42 U.S.C. § 1983 malicious prosecution; 42 U.S.C. § 1983 deprivation of equal protection; 42 U.S.C. § 1983 deprivation of due process; 42 U.S.C. § 1983 deprivation of free speech; 42 U.S.C. § 1983 deprivation of the rights to liberty, safety, and privacy; and intentional infliction of emotional distress.

## LAW AND ANALYSIS

### I. Federal § 1983 Claims

### A. City of Shaker Heights

Plaintiff alleges five § 1983 claims against Defendant City of Shaker Heights: (1) malicious prosecution; (2) deprivation of equal protection; (3) deprivation of substantive and procedural due process; (4) deprivation of free speech and freedom of expression; and (5) deprivation of liberty, safety, and privacy. To establish liability against a city for a § 1983 claim, the plaintiff must allege that: (1) a Constitutional violation occurred, and (2) the City is "responsible for that violation." *Graham v. County of Washtenaw*, 358 F.3d 377, 382 (6th Cir. 2004) (citing *Doe v. Claiborne Cty.*, 103 F.3d 495, 505-06 (6th Cir. 1996)). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the

---

[2] The Complaint states the charges were dismissed on August 18, 2015, however, based on the time line of events, it is presumed the correct date is actually August 18, 2016.

government as an entity is responsible under § 1983." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). A plaintiff may prove the existence of a municipality's illegal policy or custom in one of four ways: (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citing *Monell*, 436 U.S. at 694). *Respondeat superior* or vicarious liability does not attach under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell*, 436 U.S. at 694).

"To merely state that the City has a policy or custom is not enough; Plaintiff must allege facts, which if true, demonstrate the City's policy, such as examples of past situations where law enforcement officials have been instructed to ignore evidence." *Williams v. City of Cleveland*, No. 1:09-CV-1310, 2009 U.S. Dist. LEXIS 61346, *12 (N.D. Ohio Jul. 16, 2009). Here, Plaintiff neither alleges an unconstitutional policy or custom of the City, nor supports her claims with any facts regarding an unconstitutional policy or custom of the City. Instead, Plaintiff's Complaint offers nothing more than threadbare assertions and conclusory allegations. Because Plaintiff fails to provide adequate grounds for relief, her § 1983 claims against Defendant City of Shaker Heights are dismissed with prejudice.

**B. Prosecutor Keller**

Plaintiff alleges five § 1983 claims against Defendant Keller: (1) malicious prosecution; (2) deprivation of equal protection; (3) deprivation of substantive and procedural due process; (4) deprivation of free speech and freedom of expression; and (5) deprivation of liberty, safety, and privacy. Prosecutors are absolutely immune from § 1983 claims when their actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424

4

U.S. 409, 428 (1976). The Sixth Circuit has held that this includes: (1) malicious prosecution, *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003) (citing *Burns v. Reed*, 500 U.S. 478, 485 n. 4 (1991)); and (2) professional evaluation of evidence assembled by police and appropriate presentation of that evidence at trial or before the grand jury. *Id.* (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). But, prosecutorial immunity may not apply when a prosecutor is involved in investigative or administrative tasks. *Imbler* at 430.

Plaintiff alleges that Defendant Keller's actions of signing the sworn "Complaint by Prosecuting Attorney Upon Affidavit" and charging Plaintiff with a crime are not covered by absolute immunity. However, *Ireland v. Tunis*, 113 F.3d 1435 (6th Cir.1997) states:

> A prosecutor's decision to file a criminal complaint and seek an arrest warrant and the presentation of these materials to a judicial officer fall squarely within the aegis of absolute prosecutorial immunity. In this role, a prosecutor is unquestionably functioning as an advocate for the state in the judicial process, and absolute immunity is fully justified because the integrity of the judicial system depends in large part upon a prosecutor's ability to exercise independent judgment in deciding whether and against whom to bring criminal charges. *See Imbler*, 424 U.S. at 431; *Kulwicki v. Dawson*, 969 F.2d 1454, 1463 (3rd Cir. 1992) ("The decision to initiate a prosecution is at the core of a prosecutor's judicial role."). Presenting the charging documents to a judicial officer and procuring an arrest warrant must be considered part of the formal process of initiating a prosecution and securing the presence of the accused at trial. *See Imbler*, 424 U.S. at 431; cf. *Malley v. Briggs*, 475 U.S. 335, 343, 89 L. Ed. 2d 271, 106 S. Ct. 1092 (1986) ("The prosecutor's act in seeking an indictment is but the first step in the process of seeking a conviction," for which we shield the prosecutor because "any lesser immunity could impair the perfomance of a central actor in the judicial process." (footnote omitted)). Absolute prosecutorial immunity will likewise attach to administrative or investigative acts necessary for a prosecutor to initiate or maintain the criminal prosecution.

*Id.* at 1446-47.

In this case, Defendant Keller signed the Complaint as part of the formal process of initiating a prosecution, and thus, it falls squarely within the judicial phase of the criminal process. Defendant Keller is immune from Plaintiff's § 1983 claims and therefore,

5

these are not claims upon which relief can be granted. Plaintiff's § 1983 claims against Defendant Keller are dismissed with prejudice.

## II. State Law Claim – Intentional Infliction of Emotional Distress

### A. City of Shaker Heights

Plaintiff alleges that Defendant City of Shaker Heights is liable for the intentional tort of intentional infliction of emotional distress. Ohio Revised Code 2744.02(A)(1) provides that a political subdivision is immune from damages in a civil action for injury, death, or loss to persons or property allegedly caused by an act or omission of the political subdivision or employee in connection with a governmental or proprietary function. Ohio Revised Code 2744.02(B) lists the exceptions for which a political subdivision may be liable, which includes certain negligent acts of its employees and agents. The statute does not include an exception for intentional acts of employees.

This Court has held that under Ohio Revised Code 2744.02, political subdivisions are immune from intentional tort claims.[3] *Kohler v. City of Wapakoneta*, 381 F. Supp. 2d 692, 700 (N.D. Ohio 2005) (citing *Wilson v. Stark County Dep't of Human Servs.*, 70 Ohio St. 3d 450 (Ohio 1994)). Therefore, Plaintiff's state law claim of intentional infliction of emotional distress against Defendant City of Shaker Heights fails as a matter of law. Because this is not a claim upon which relief can be granted, it is dismissed with prejudice.

### B. Prosecutor Keller

Plaintiff also alleges that Defendant Keller, Shaker Heights Prosecutor, is liable for the state law claim of intentional infliction of emotional distress. Prosecutors have common law absolute immunity from state law claims.[4] *O'Connor v. Kelty*, No. 4:10CV0338, 2010 U.S. Dist.

---

[3] Plaintiff provides no counterargument in her brief in opposition.
[4] Plaintiff provides no counterargument in her brief in opposition.

6

LEXIS 66789, *7 (N.D. Ohio Jul. 2, 2010) (citing *Webb v. Greene Cnty. Sheriff's Office*, 494 F.Supp.2d 779, 797 (S.D. Ohio 2007)). Therefore, Plaintiff's state law claim of intentional infliction of emotional distress against Defendant Keller also fails as a matter of law. Because this is also not a claim upon which relief can be granted, it is dismissed with prejudice.

## CONCLUSION

Plaintiff fails to provide any grounds for entitlement to relief against Defendant City of Shaker Heights or Defendant Keller. For the aforementioned reasons, Defendants' Motions to Dismiss Plaintiff's Complaint are hereby GRANTED. All claims made against Defendant City of Shaker Heights and Defendant Keller are DISMISSED with prejudice pursuant to Fed. Civ. R. 12(b)(6). (ECF #12, ECF #13). This action shall continue against Defendant Officer Martin Dunn.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: *April 4, 2017*